IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ALICE SCREAM, | |
| Plaintiff, | CIVIL ACTION FILE |
| v. | NO. 1:15-CV-03984-TWT-WEJ |
| WMC MORTGAGE CORP., and U.S. Bank, N.A., | |
| Defendants. | |

## FINAL REPORT AND RECOMMENDATION

Plaintiff, Alice Scream, filed the instant "Verified Complaint for Declaratory Relief & Quiet Title Action" [1-1] in the Superior Court of Clayton County on July 2, 2015. Defendants removed the matter to this Court on November 16, 2015. (Notice of Removal [1].)

Defendant U.S. Bank, N.A. ("U.S. Bank") then filed a Motion to Dismiss [2] the Complaint as a whole. After observing that Ms. Scream had not responded to the Motion to Dismiss, this Court entered an Order on December 9, 2015, requiring plaintiff to show cause why this case should not be dismissed and to do so within fourteen days of the date of the Order. (Show Cause Order [6].)

Plaintiff was warned that her failure to respond to the Show Cause Order would result in this Court recommending dismissal of her case. (Id.)  Nevertheless, to date, Ms. Scream has ignored the Show Cause Order and has failed to file a response in opposition to the Motion to Dismiss.  Therefore, the Motion is deemed unopposed.  N.D. Ga. R. 7.1.B.

When a plaintiff fails to respond to a motion to dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b), granting the motion based solely on the party's failure to respond is within the discretion of a district judge. See Magluta v. Samples, 162 F.3d 662, 664-65 (11th Cir. 1998).  Additionally, the Court may dismiss a case for want of prosecution if a plaintiff refuses to obey a lawful Order of the Court.  See Fed. R. Civ. P. 41(b); N.D. Ga. R. 41.3(A)(2) ("The court may, with or without notice to the parties, dismiss a civil case for want of prosecution if . . . [a] plaintiff . . . shall, after notice, fail or refuse to appear at the time and place fixed for pretrial or other hearing or trial in a case or fail or refuse to obey a lawful order of the court in the case.").

Because plaintiff has refused to obey a lawful Order of the Court, this case may be dismissed for want of prosecution.  However, because defendant WMC Mortgage Corporation ("WMC") did not file a separate motion to dismiss, the undersigned addresses the merits of the pending Motion.

In reviewing the merits of the motion to dismiss, the Court has considered the sufficiency of the claims as to both defendants.[1] Plaintiff is not harmed by the Court sua sponte addressing the allegations against Phelan because she will have the opportunity to object to the Court's recommendations following filing of this report and recommendation.  See Martin v. Citimortgage, 2010 WL 3418320, at *6 n.8 (N.D. Ga. August 3, 2010), R&R adopted by 2010 WL 3418322 (N.D. Ga. August 25, 2010) (citing Shrivers v. Int'l Bhd. of Elec. Workers Local Union 349, 262 F. App'x 121, 127 (11th Cir. 2008) (a party has notice of a district court's intent to sua sponte grant summary judgment when a magistrate judge issues a report recommending the sua sponte granting of summary judgment which allows for objections to that determination).

The claims asserted in the Complaint appear to be based on a mortgage loan plaintiff used to purchase real property located at 9180 Retreat Pass, Jonesboro, Georgia 30236 ("the Property"). (Compl. ¶ 1.)  Plaintiff challenges the initiation of foreclosure proceedings on the Property.  (Id. ¶¶ 55-56).

---

[1] While plaintiff filed this action against both WMC and U.S. Bank, the Complaint continually refers jointly to "Defendants." (See generally Compl.) Thus, the Court interprets the Complaint to allege each cause of action against both defendants.

3

…

The Complaint is an impermissible shotgun pleading, spanning over forty pages with more than 150 paragraphs. It fails to identify specific acts by defendants, repeatedly "re-alleges and incorporates by reference all preceding paragraphs" (e.g., id. ¶¶ 52, 71, 80, 88, 97), and appears to be a form pleading. See Johnson Enters. of Jacksonville, Inc. v. FPL Grp., Inc., 162 F.3d 1290, 1333 (11th Cir. 1998) (shotgun pleadings "invariably begin with a long list of general allegations, most of which are immaterial to most of the claims for relief," and all of which "are incorporated by reference into each count of the complaint"); Martin v. Citimortgage, No. 1:10-CV-00656-TWT-AJB, 2010 WL 3418320, at *6 n.8 (N.D. Ga. Aug. 3, 2010), R&R adopted by 2010 WL 3418322 (Aug. 25, 2010) ("[T]hat Plaintiff filed the same boilerplate complaint as many other litigants suggests that her claims were not brought in good faith.").

While "[a] document filed pro se is 'to be liberally construed'. . . and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers,'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations omitted), nothing in that leniency excuses a plaintiff from compliance with threshold requirements of the Federal Rules of Civil Procedure. Even though a pro se complaint should be construed liberally, it still must state a claim upon which the Court can grant relief. See Lampkin-Asam v. Volusia Cty.

Sch. Bd., 261 F. App'x 274, 276-77 (11th Cir. 2008) (per curiam) (internal punctuation omitted); see also McNeil v. U.S., 508 U.S. 106, 113 (1993) ("we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

Accordingly, the undersigned **RECOMMENDS** that the Motion to Dismiss be **GRANTED** as to all defendants and the Complaint be **DISMISSED**.

The Clerk is directed to terminate the reference to the undersigned Magistrate Judge.

**SO RECOMMENDED**, this 11th day of January, 2016.

_____
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE